*E-Filed 4/30/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOWARD ALLEN YOUNG, | No. C 09-1462 RS (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS CERTAIN CLAIMS;** |
| v. | |
| DERRAL ADAMS, Warden, | **SECOND ORDER TO SHOW CAUSE** |
| Respondent. / | |

### INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. The Court reviewed the amended petition and issued an order to show cause why petitioner's thirteen claims should not be granted. (*See* Docket 12.) Respondent has filed a motion (Docket No. 15) to dismiss the petition because it contains claims that are (A) unexhausted or (B) not cognizable. Petitioner, in his opposition to the motion to dismiss, asks that if the Court grants respondent's motion, that it dismiss the challenged claims and let the petition proceed on the cognizable and exhausted claims. For the reasons stated herein, the Court GRANTS respondent's motion, and issues a second order to show cause.

**DISCUSSION**

**A.      Exhaustion**

Respondent contends that petitioner did not exhaust his state judicial remedies as to certain claims. (Mot. to Dismiss ("MTD") at 1.) Petitioner argues to the contrary, asserting that he exhausted them through filing a supplemental opening brief to the state appellate and supreme courts. (Opp. to MTD at 3.)

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). In fact, a federal district court may not grant the writ unless state court remedies are exhausted or there is either "an absence of available state corrective process" or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)–(B). However, a federal court may deny a petition on the merits even if it is unexhausted, see 28 U.S.C. § 2254(b)(2), but "only when it is perfectly clear that the petitioner has no chance of obtaining relief." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

Petitioner's claims for federal habeas relief are: (1) the admission at trial of four uncharged criminal offenses violated due process; (2) the admission at trial of hearsay evidence of three additional uncharged burglaries violated due process; (3) abuse of discretion by the trial court in allowing the prosecutor to impeach petitioner with all four of petitioner's prior felony convictions; (4) violation of petitioner's rights to a speedy trial and to a preliminary hearing owing to the presence of charges in the charging document which are barred by statute; (5) imposition by the trial court of an "illegal enhancement" by failing to bifurcate the trial with respect to his prior convictions; (6) ineffective assistance of counsel; (7) insufficient evidence to support the convictions; (8) denial of petitioner's right to

counsel of his choice when the trial court denied his *Marsden* motion;[1] (9) denial of petitioner's right to a fair and impartial jury; (10) violation of petitioner's Fourth Amendment right against illegal search and seizure through the execution of an unlawful search warrant, which he did not have a full and fair opportunity to litigate at trial; (11) denial of petitioner's rights to equal protection under the laws; (12) violation of his statutory rights through the use of petitioner's consumer credit reports and financial records; and (13) violation of petitioner's Fourth Amendment right against illegal search and seizure as a result of the search of his Las Vegas home and the seizure of his airport luggage, which he did not have a full and fair opportunity to litigate at trial.

Respondent contends that petitioner failed to exhaust the following claims: (1) that the statute of limitations was violated because some counts preceded the three-year statute of limitations; (2) that there was insufficient evidence to convict petitioner; (3) that petitioner was denied his right to counsel of choice by the trial court's denial of his *Marsden* motions; (4) that petitioner was denied his right to a fair and impartial jury; and (5) that his Fourth Amendment rights were violated when his cell phone and luggage were searched at the airport.

Petitioner did not properly exhaust certain claims in the state appellate court. Specifically, the state appellate court denied petitioner leave to file a *pro se* supplemental brief, which contained the claims in dispute in this order, though it did grant petitioner's counsel leave to file a supplemental brief. (MTD, Ex. A.) The state appellate court also denied petitioner's motion for a rehearing of the denial of leave to file a *pro se* supplemental brief. (*Id.*, Ex. B.)

Petitioner also did not properly exhaust certain claims in the state supreme court. It appears that petitioner tried to file a *pro se* petition in the state supreme court regarding the state appellate court's denial of his request to file a *pro se* supplemental brief. (*Id.*, Ex. D.) The California Supreme Court returned his filing without consideration, stating that it lacked

---

[1] This is a motion to change counsel. *See People v. Marsden*, 2 Cal. 3d 118 (1970).

jurisdiction because the petition was untimely.  (*Id*.)

Petitioner, then, did not present certain claims to the state courts because the *pro se* supplemental brief, which contained those claims, was never properly filed with the state courts.  Because the claims in question were not exhausted, respondent's motion to dismiss the unexhausted claims is GRANTED.

Accordingly, claims 7 (insufficient evidence), 8 (denial of *Marsden* motions), 9 (right to fair and impartial jury), and 13 (search of cell phone and luggage) are DISMISSED on the grounds that they were not properly exhausted.  The statute of limitations subclaim under claim 4 is also DISMISSED for failure to exhaust. The remainder of claim 4 survives, that is, the allegations that his speedy trial right and his right to a preliminary hearing were violated, and that the identification of petitioner was faulty.

## B.   Not Cognizable Claims

Respondent's motion to dismiss petitioner's Fourth Amendment claims, numbered 10 and 13 above, is GRANTED.  Fourth Amendment claims are not cognizable on federal habeas review.  *Stone v. Powell*, 428 U.S. 465, 481–82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims.  The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims.  *See Gordon v. Duran*, 895 F.2d 610, 613–14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law).  California state procedure provides an opportunity for full litigation of any Fourth Amendment claim.  *See* Cal. Pen. Code § 1538.5.  Accordingly, petitioner's Fourth Amendment claims, numbered 10 and 13 above, are not cognizable and are hereby DISMISSED.

//

//

## MOTIONS

Petitioner's motion for an evidentiary hearing (Docket No. 29) is DENIED as premature. Petitioner may renew this motion after the answer and traverse have been filed. Petitioner notes on his motion that a hearing date is scheduled for May 28, 2010. No such hearing was ever scheduled and no such hearing will be heard on that date.

Petitioner's motion for the appointment of counsel (Docket No. 29) is DENIED. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.

Petitioner's motion that the Court order respondent to file an answer (Docket No. 29) is DENIED as moot. This order directs respondent to file an answer.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the

**United States District Court**
For the Northern District of California

petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within ninety (90) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Respondent's motion to dismiss petitioner's unexhausted claims (Docket No. 15) is GRANTED. Petitioner's unexhausted claims, claims 7, 8, 9, 13 & one subclaim under claim 4, are DISMISSED as unexhausted.

9. Respondent's motion to dismiss petitioner's Fourth Amendment claims is GRANTED. Petitioner's Fourth Amendment claims, numbered 10 and 13 above, are DISMISSED as not cognizable.

//
//

10. Petitioner's motions for an evidentiary hearing, the appointment of counsel, and to order respondent to file an answer are DENIED.

11. This order terminates Docket Nos. 15 & 29.

**IT IS SO ORDERED**.

DATED: April 29, 2010

_____
RICHARD SEEBORG
United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Howard Allen Young
F-44590
Kern Valley State Prison
Facility D, Building 3/122
PO Box 5104
Delano, CA 93216


DATED:  04/30/2010

s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.