*E-Filed 7/2/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

HOWARD ALLEN YOUNG,           No. C 09-1462 RS (PR)

    Petitioner,                    **THIRD ORDER TO SHOW CAUSE**

    v.

DERRAL ADAMS, Warden,

    Respondent.
_____/

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254.

In response to the Court's order, petitioner has elected to proceed with his exhausted claims, the unexhausted claims having been dismissed. The exhausted and cognizable claims are: (1) the admission at trial of four uncharged criminal offenses violated due process; (2) the admission at trial of hearsay evidence of three additional uncharged burglaries violated due process; (3) abuse of discretion by the trial court in allowing the prosecutor to impeach petitioner with all four of petitioner's prior felony convictions; (4) violation of petitioner's

rights to a speedy trial and to a preliminary hearing; (5) imposition by the trial court of an "illegal enhancement" by failing to bifurcate the trial with respect to his prior convictions; (6) ineffective assistance of counsel; and (7) the identification of petitioner was constitutionally faulty. Liberally construed, these claims are cognizable and require a response.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within ninety (90) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

No. C 09-1462 RS (PR)
THIRD ORDER TO SHOW CAUSE

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

DATED: July 1, 2010

RICHARD SEEBORG
United States District Judge