*E-Filed 8/25/10*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| HOWARD ALLEN YOUNG, | No. C 09-1462 RS (PR) |
| Petitioner, | **FOURTH ORDER TO SHOW CAUSE** |
| v. | |
| DERRAL ADAMS, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. Petitioner has filed numerous objections to the Court's orders to show cause. The Court construes his most current objections as a request to file an amended petition and as an amended petition. The cognizable claims are: (1) the admission at trial of four uncharged criminal offenses violated due process; (2) the admission at trial of hearsay evidence of three additional uncharged burglaries violated due process; (3) abuse of discretion by the trial court in allowing the prosecutor to impeach petitioner with all four of petitioner's prior felony convictions; (4) violation of petitioner's rights to a speedy trial and

to a preliminary hearing; (5) imposition by the trial court of an "illegal enhancement" by failing to bifurcate the trial with respect to his prior convictions; (6) ineffective assistance of counsel; (7) the identification of petitioner was constitutionally faulty; (8) there was cumulative error; and (9) the trial court's use of CALCRIM No. 375 violated petitioner's right to be convicted by proof beyond a reasonable doubt.  Liberally construed, these claims are cognizable and require a response.  Respondent may file a motion to dismiss regarding any of these claims.

Petitioner's claim regarding his completion of the Regimented Correction Program is DISMISSED without prejudice on grounds that it is related to his release date, not to the constitutional validity of his convictions.  If petitioner seeks relief based on his RCP claim, he must file a separate habeas action.

**Petitioner having attempted to revise his petition multiple times, the Court will not consider any other motions to amend the petition, any amended petitions, or any objections to the Court's current determination of which claims are cognizable.**

This Fourth Order to Show Cause is the operative order.  The Third Order to Show Cause (Docket No. 42) is VACATED and the parties are relieved of the obligations imposed by that order.

The Court having addressed the concerns raised in petitioner's current motions, Docket Nos. 48 & 49, such motions are DENIED.  This order terminates Docket Nos. 48 & 49.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not

be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within ninety (90) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. This order terminates Docket Nos. 48 & 49.

**IT IS SO ORDERED**.

DATED: August 24, 2010

RICHARD SEEBORG
United States District Judge