*E-Filed 1/19/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HOWARD ALLEN YOUNG, | No. C 09-1462 RS (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| DERRAL ADAMS, Warden, | |
| Respondent. | |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

**BACKGROUND**

In 2006, a Santa Clara Superior Court jury convicted petitioner of second degree burglary, grand theft, and selling stolen property, consequent to which petitioner was sentenced to thirty years and eight months in state prison. Evidence presented at trial demonstrated that between 2001 and 2004, petitioner burglarized over a dozen technology companies, such as Agilent and Oracle, mostly in Santa Clara County. Petitioner stole

hundreds of thousands of dollars' worth of computers, servers, and server components and sold them on the online auction website eBay.  In most of these instances, petitioner would fly from Honolulu or Los Angeles to Oakland or San Francisco.  He would rent a car and drive the car to the target company.  Once there, he would pose as an employee, forcibly gain entry to secure areas, remove the computer components, and leave.  Petitioner used the eBay screen-name "bro.h," the same screen-name from which the stolen components were sold.  Eyewitness testimony, surveillance camera footage, and airline and rental car records established petitioner's presence at the crime scenes on the day the crimes occurred.  (Ans., Ex. G at 1–17.)

At trial, petitioner testified in his own defense.  He acknowledged that he had committed second-degree burglary in 1990 and had pleaded guilty to kidnapping in 1992.  Petitioner admitted that he sold computer parts on eBay under the name "bro.h" and that he regularly traveled to the San Francisco Bay Area.  He insisted, however, that he traveled as part of his septic tank and carpet-cleaning business.  He denied traveling to Santa Clara County, burglarizing the companies in question, or selling stolen computer parts.  (*Id.* at 17–18.)

As grounds for federal habeas relief, petitioner claims that (1) introduction of evidence of four uncharged offenses violated due process; (2) introduction of evidence of three uncharged offenses constituted hearsay; (3) the trial court abused its discretion by permitting the prosecutor to impeach petitioner with evidence of four prior felony convictions; (4) the trial court violated petitioner's right to a speedy trial; (5) petitioner's sentence constituted an illegal enhancement; (6) petitioner had ineffective assistance of counsel; (7) there was insufficient evidence that a witness identified petitioner in court; (8) all of the errors in the trial constituted cumulative error; and (9) a jury instruction as to petitioner's prior felony convictions violated petitioner's right to be convicted beyond a reasonable doubt.

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). Whether a state court decision was "contrary to" federal law is determined by Supreme Court precedent at the time the state court rendered its decision. *Greene v. Fisher*, No. 10-637, slip op. at 4 (U.S. Nov. 8, 2011).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams (Terry)*, 529 U.S. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

### I. Admission of Prior Uncharged Offenses

Petitioner claims that the admission of evidence of four uncharged burglaries constituted impermissible propensity or character evidence and therefore his due process rights were violated. Petitioner's claim cannot succeed because no remediable constitutional violation occurred. The Supreme Court has left open the question of whether admission of propensity evidence violates due process, i.e., whether a constitutional guarantee has been violated. *Estelle v. McGuire*, 502 U.S. 62, 67–71 (1991). Based on the Supreme Court's reservation of this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission of propensity evidence is not clearly established as required by AEDPA. *Alberni v. McDaniel*, 458 F.3d 860, 866–67 (9th Cir. 2006). Also, even if the evidence were irrelevant or prejudicial, the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Accordingly, petitioner's claim is DENIED for want of merit.

### II. Admission of Alleged Hearsay

Petitioner claims that the trial court violated his right to due process and to confrontation by allowing Detective Alex Bouja to testify about three uncharged burglaries, though he lacked personal knowledge of such matters. The relevant facts are as follows:

> Prior to [petitioner]'s testimony, Detective Bouja testified during his cross-examination that [petitioner]'s airline flight records showed that he had taken flights other than those that coincided with the charged counts. Outside the presence of the jury, the prosecutor sought to rebut that testimony by introducing additional flight records which coincided with three similar out-of-county burglaries. The prosecutor argued that [petitioner] had been charged with those burglaries and that he would be facing those charges after this trial. Defense counsel opposed the request on Evidence Code section 352 grounds, arguing that the evidence was prejudicial because it suggested based only on [petitioner]'s flight records that he committed additional burglaries. Defense counsel did not contend that admission of the evidence would violate [petitioner]'s rights to confrontation and to a fair trial. The court ruled that "it's an appropriate area to allow the People to go into. I think it's an area that you questioned the detective, and I think the People have a right to follow-up." Detective Bouja testified to the three out-of-county burglaries during redirect

> questioning, and defense counsel cross-examined the detective about this testimony during recross-examination.

(Ans., Ex. G at 22.) Defense counsel had questioned Bouja thoroughly about the documentary records he uncovered in his investigation of the case, including records of petitioner's airline and rental car travels. (*Id.*, Ex. B, Vol. 14 at 1318–28.) Defense counsel used such documentary evidence to defend his client, and certainly offered no hearsay objection to it. Bouja testified about three incidents of travel that corresponded with burglaries outside Santa Clara County, including one flight to Colorado, that appeared to fit the same pattern as those he investigated in Santa Clara County. The state appellate court devoted little time to the hearsay argument, as defense counsel objected to Bouja's testimony on the ground of prejudice, not hearsay, construing it as a claim of ineffective assistance of counsel. (Ans., Ex. G at 22; Ex. A, Vol. 14 at 1346–47.) This Court will also construe this claim as alleging ineffective assistance of counsel.

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance, of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a claim of ineffective assistance of counsel, petitioner must prove two elements. First, he must establish that counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687–88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The state appellate court reasonably determined that defense counsel did not render ineffective assistance. Defense counsel had made free use of possible hearsay evidence, and therefore any objection to such evidence would have been nonsensical. The defense having opened the door with such questioning, it was permissible for the prosecutor to rebut his assertions with the same or similar evidence. Furthermore, petitioner has failed to show

prejudice. Evidence of his guilt was very strong. This evidence included eyewitness testimony, surveillance camera footage, or both, that placed him at the scenes of the crimes. Additionally, there was ample circumstantial evidence in the form of petitioner's flight and rental car records, utilized without objection for the charged offenses, which placed him near the burglarized locations, as well as petitioner's eBay records, and evidence taken from his home. Accordingly, petitioner's claim is DENIED for want of merit.

### III.   Impeachment with Prior Offenses

The prosecutor presented evidence of petitioner's four prior felony convictions (three for second degree burglary, one for kidnapping) to impeach petitioner when he testified at trial. Petitioner claims that the trial court's admission of such evidence violated his right to due process. The state appellate court concluded that the trial court did not abuse its discretion by permitting the use of those convictions and rejected petitioner's claim. (Ans., Ex. G at 24–26.) Petitioner does not contend that those convictions were invalid.

Petitioner's claim lacks merit. A defendant who chooses to testify on his own behalf runs the risk of having his credibility impeached like any other witness. *Brown v. United States*, 356 U.S. 148, 1540–55 (1958). Evidence of prior crimes may properly be used to draw inferences about a witness's credibility. *See, e.g., Old Chief v. United States*, 519 U.S. 172, 176 n.2 (1997). Furthermore, habeas relief can be granted on a claim that evidence was improperly admitted only if there are no permissible inferences a jury can draw from the evidence. *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991). It would be permissible for the jury to infer that petitioner's testimony lacked credibility due to prior convictions which showed dishonesty or a lack of truthfulness. Accordingly, petitioner's claim is DENIED.

### IV.   Violation of Right to a Speedy Trial

Petitioner claims that his right to a speedy trial was violated because a preliminary hearing was held a year after his initial appearance in court, well beyond the 60 days required by California law without a waiver. Petitioner did not raise this claim on direct appeal.

Petitioner initially appeared in state trial court on June 17, 2004, where he waived his right to a preliminary examination within 60 days of his first court date, and the court set a date of July 21 for a plea hearing. (Ans., Ex. A, Vol. 6 at 1591.) On October 14, Cary Lindstrom, specially appearing for petitioner's attorney, Eben Kurtzman, requested a preliminary examination date "after the 2nd of November." (*Id.* at 1596–97.) The court settled on a date of December 9, and asked petitioner if he understood that he was waiving his right to a preliminary examination within ten days, to which he responded affirmatively. (*Id.* at 1596.) Although neither party provides a transcript of the December 9 proceedings, a minute report shows that petitioner did appear in court on December 9, 2004. (Am. Pet., Ex. B at 7.)

By January 18, 2005, petitioner had a new attorney, Ross McMahon. On that date, McMahon appeared with petitioner, asked to be listed as counsel, and requested an April preliminary examination date. (Ans., Ex. A, Vol. 6 at 1600.) Again, the court asked petitioner if he understood that he was again waiving his right to a preliminary examination "within ten court days or sixty actual days." (*Id.*) Before the court asked petitioner if he actually was waiving that right, there was discussion at the bench and the matter was continued to January 27. (*Id.*) There is no record of the January 27 hearing. Petitioner eventually received a preliminary examination on June 2, 2005, by which time he had decided to represent himself. (Ans., Ex. A, Vol. 1 at 2.)

A criminal defendant has a constitutional right to a speedy trial. *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967). No *per se* rule has been devised to determine whether the right to a speedy trial has been violated. Instead, courts must apply a flexible "functional analysis," *Barker v. Wingo*, 407 U.S. 514, 522 (1972), and consider and weigh the following factors in evaluating a Sixth Amendment speedy trial claim: (1) length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Doggett v. United States*, 505 U.S. 647, 651 (1992); *Barker*, 407 U.S. at 530. None of the four factors is either a necessary or sufficient condition for finding a speedy trial

deprivation. *Barker*, 407 U.S. at 533. They are related factors and must be considered together with such other circumstances as may be relevant. *Id.* The Ninth Circuit considers the second factor, i.e., the reason for the delay, the "focal inquiry." *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (citing *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739–40 (9th Cir. 1989)).

     Petitioner has not shown that he is entitled to habeas relief on this claim, even though one factor weighs in his favor. As to the first factor, the length of the delay does not weigh heavily in petitioner's favor. A year's delay is considered "presumptively prejudicial," *see Doggett*, 505 U.S. at 651 n.1, but the state appellate court's determination that it was not excessive was reasonable. While this factor perhaps weighs slightly in favor of petitioner, the second factor, the "focal inquiry," does not. The relevant question in this factor is whether it was the government or the defense that was primarily responsible for the delay. *Doggett*, 505 U.S. at 651. In *King*, the Ninth Circuit found no violations of the right to a speedy trial due to, *inter alia*, granting of continuances at defense counsel's request, the complexity of the case, and substituting a new attorney. *King*, 483 F.3d at 976. Some of these same reasons are present here. Defense counsel's busy schedule, a change in trial counsel twice (one of which necessitated a change-of-counsel hearing), petitioner's decision to represent himself, and the prosecution's filing of an amended petition all contributed to the delay. Petitioner never objected to any of the continuances.

     The third factor decidedly does not weigh in petitioner's favor. Petitioner repeatedly waived his speedy trial rights. Whenever defense counsel requested a waiver, petitioner consented even after the court explained that in so doing, he would be waiving his right to a preliminary examination within the statutory period. (Ans., Ex. B, Vol. 21 at 1796.) Petitioner thereafter never reasserted his right to a speedy preliminary examination. (*Id.*) Petitioner raised the issue of waivers for the first time at his second change-of-counsel hearing on February 1, 2006. (Am. Pet., Ex. D at 107–14.) Such circumstances do not indicate that petitioner timely and appropriately asserted his speedy trial right. If a defendant

asserts his speedy trial rights after requesting continuances, this factor does not weigh in favor of finding a speedy trial violation. *United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007). As to the fourth factor, petitioner is unable to show prejudice. Prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. A mere assertion of prejudice will not do; petitioner must show some actual prejudice, such as anxiety and concern or an impaired defense due to the delay. *See United States v. Gregory*, 322 F.3d 1157, 1163–64 (9th Cir. 2003). Petitioner has shown none of these, such as loss of evidence. Taking all the *Barker* factors into account, petitioner has not shown that his right to a speedy trial was violated. Consequently, this claim is DENIED.

## V.     Prior Conviction Enhancements

Petitioner claims that his right to due process was violated because the trial court had not bifurcated the trial on his "strike" prior by the time he testified. Such claim is without merit. First, petitioner has not specified how such an alleged occurrence violated his rights. Second, his claim is flatly contradicted by the record, the trial court having granted prior to trial his motion to bifurcate. (Ans., Ex. B, Vol. 5 at 262.)

Petitioner also claims that the application of Three Strikes to his sentence violates his constitutional rights. He bases his claim on the fact that he was not notified during his prior sentencing hearings that such convictions could be used to increase future punishments. (Am. Pet. at 7.) This claim, however, does not establish that his due process rights were violated. It was impossible for the prior sentencing courts to put petitioner on such notice because Three Strikes had not been enacted at such time. Also, insofar as petitioner makes an Ex Post Facto claim, it is denied. "The Supreme Court [] uniformly ha[s] held that recidivist statutes do not violate the Ex Post Facto Clause if they are 'on the books at the time the [present] offense was committed.'" *United States v. Kaluna*, 192 F.3d 1188, 1199 (9th Cir. 1999) (quoting *United States v. Ahumada-Avalos*, 875 F.2d 681, 683-84 (9th Cir. 1989) (*per curiam*)). Three Strikes became effective — was "on the books" — on

March 7, 1994, well before petitioner committed the instant offenses. *See People v. Superior Court (Romero)*, 13 Cal.4th 497, 505 (Cal. 1996).

Petitioner also claims that the imposition of the upper term sentence for grand theft violates his Sixth Amendment right to have a jury find the facts on which the upper term is based true beyond a reasonable doubt, per *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Cunningham v. California*, 127 S.Ct. 856 (2007). Such claim is without merit because the trial court imposed the upper term based on petitioner's criminal history of prior convictions. (Ans., Ex. G at 28.) *See Almendarez-Torres v. United States*, 523 U.S. 224, 243–44 (1998); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414-15 (9th Cir. 2001) (holding *Almendarez-Torres* remains good law after *Apprendi* and provides that prior convictions, whether or not admitted by defendant, constitute sentencing factors rather than elements of crime). Petitioner's claims are DENIED.

## VI. Assistance of Counsel

Petitioner claims that his defense, sentencing, and appellate lawyers all provided ineffective assistance. (Am. Pet. at 8.) He argues that they failed to investigate or argue petitioner's alibi, challenge the validity of search warrants, object to violations of statutes of limitations, or "federalize[] other legal arguments." (*Id.*)

### A. Alibi

Petitioner contends that trial counsel's failure to investigate his alibi constituted ineffective assistance of counsel. Petitioner insists that, during one of the burglaries in question, he was in Sacramento, purchasing a street sweeper for his business, and that trial counsel did not investigate this alibi. (Am. Pet. at 8.) Petitioner insists that his cell phone records, which counsel chose not to bring into evidence, show that he was nowhere near Santa Clara County at the time one of the burglaries was committed. (*Id.*, Ex. N at 4.) Petitioner did not raise this issue on direct appeal.

The relevant inquiry in a claim of ineffective assistance of counsel is not merely what counsel could have done, but rather, whether the choices made by counsel were reasonable.

*See Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). Petitioner bears the burden of overcoming the "strong presumption" that counsel's actions were reasonable. *Strickland*, 466 U.S. at 689. In this alibi claim, petitioner has failed to meet his burden. Petitioner has provided what appears to be a copy of a cell phone log (Am. Pet., Ex. E at 114; Ans., Ex. A, Vol. 6 at 1650), but this document has not been authenticated, nor does it bear any indication that it is in fact petitioner's telephone bill. Nor has petitioner explained what the records are supposed to show, other than what appears to be a call log. There is no indication that these are even petitioner's phone calls. The call log, by itself, is insufficient to support petitioner's claim that an alibi existed.

Petitioner has also not identified which burglary, on which date, the alibi is supposed to cover. Even if petitioner had identified an alibi for a specific date and time, and had produced authenticated cell phone records, counsel's failure to investigate the alibi would not have been prejudicial. The jury could infer from the phone records that petitioner was not present in Santa Clara County; however, the jury could also infer nothing more than that petitioner's phone was present in Sacramento. Given the overwhelming amount of other evidence, including eyewitness identification, surveillance camera footage, and identity evidence showing that the crimes were all committed in a similar way, petitioner cannot show to a reasonable probability that counsel's failure to investigate his alibi for one of the charges would have changed the outcome of the trial. Petitioner's claim of ineffective assistance of counsel due to counsel's failure to investigate petitioner's alibi therefore fails, and is hereby DENIED.

### B.     Motions to Suppress

Petitioner claims that defense counsel should have made motions to suppress evidence secured by allegedly invalid search warrants. (Am. Pet. at 8.) Petitioner did not raise this issue on direct appeal.

Petitioner represented himself before trial and made numerous unsuccessful motions, supplemental motions, and amended motions to suppress evidence. (Ans., Ex. A, Vol. 2 at

276; Vol 3. at 545, 647, 688, 703, 732, 819; Vol. 4 at 838, 1006.) Defense counsel cannot have rendered ineffective assistance by failing to make motions that had already been denied by the court. It is both reasonable and not prejudicial for defense counsel to forgo a meritless objection. *See Juan H.*, 408 F.3d at 1273. Accordingly, petitioner's claim is DENIED.

### C. Regimented Corrections Program

While in custody during trial, petitioner successfully completed a Regimented Corrections Program (R.C.P.). The program is designed to help inmates live successful, law-abiding lives after their release from jail or prison. Petitioner here appears to argue that counsel should have raised the issue of petitioner's successful completion of the program as a mitigating factor at sentencing. Petitioner did not raise this issue on direct appeal.

Petitioner's claim that counsel was deficient in failing to note his completion of the R.C.P. is flatly contradicted by the record. Defense counsel did raise the issue in a motion to dismiss petitioner's prior strike conviction. (Ans., Ex. A, Vol. 6 at 1577.) Moreover, petitioner himself raised the issue of completion of the R.C.P. in an "alternate sentencing report." (*Id.* at 1586, 1606.) The trial court nevertheless affirmed the prior strike conviction, noting that, based on "[petitioner's] lengthy criminal history, the scope and sophistication of his crime spree and dearth of mitigating factors in the case, there is no conceivable way that [petitioner] could be deemed outside the scope of the three strikes sentencing scheme." (*Id.*, Ex. B, Vol. 20 at 1798.) Petitioner's claim being flatly contradicted by the record, his claim is DENIED.

### D. Statute of Limitation Violations

Petitioner claims that defense counsel should have objected to the prosecutor's inclusion of time-barred offenses in the indictment. This claim is not properly before the Court, as this Court has already dismissed as unexhausted petitioner's claim of ineffective assistance of counsel due to the alleged statute of limitation violation. (*See* Docket No. 30.) Additionally, petitioner does not indicate which charges were allegedly outside the scope of the statute of limitations. Failure to identify such information is a failure to show that trial

counsel's performance was deficient, or that the alleged deficiency resulted in prejudice. *See Gallego v. McDaniel*, 124 F.3d 1065, 1077 (9th Cir. 1997). Petitioner's claim is DENIED.

**VII.  Suggestive Examination**

Petitioner next argues that a witness's identification of him in court was suggestive because the witness did not see him in a lineup. Also, petitioner claims that the witness was unsure when identifying petitioner. (Am. Pet. at 7.) Petitioner did not raise this claim to the state appellate court.

Petitioner does not identify the witness in question in either his petition or his traverse; however, in a *pro se* motion to dismiss filed with the trial court on July 28, 2005, petitioner identified the witness as Steven Okler. (Ans., Ex. A, Vol. 3 at 787.) Okler, a security officer for Agilent Technologies, testified at the preliminary hearing that he had seen petitioner on December 8, 2001. Petitioner was walking to a parking garage, pushing a cart containing an espresso machine. (*Id.*, Ex. B, Vol. 1 at 26–29.) Okler asked petitioner to produce a property pass in order to remove property from the building. (*Id.* at 30–31.) Petitioner told Okler that he had the pass in his car, and continued pushing the cart toward the parking garage. (*Id.* at 31.) Okler noticed that the only two cars in the area where petitioner was pushing the cart were company cars and concluded that petitioner was not going to a car that belonged to him. At that point, he radioed another security officer to call 911. (*Id.*) Petitioner then abandoned the cart, ran to the upper level of the parking garage, jumped off down to the street, got into his car, and drove away. (*Id.*)

At the preliminary hearing, Okler identified petitioner as the person he saw that day. (*Id.* at 32.) Okler said he had seen the petitioner in court when the trial was in a different courtroom, but said he didn't realize that petitioner was the defendant. (*Id.* at 32–33.) Though petitioner claims that Okler's identification was "suggestive," the trial record does not support such a contention. Okler unequivocally identified petitioner as the person he saw in the parking garage on December 8, 2001. (*Id.* at 32.) Petitioner has not shown that the lack of a line-up identification violated his rights. As there was no constitutional violation in

Okler's identification, the state court's dismissal of petitioner's habeas petition was not contrary to, or an unreasonable application of, federal law. Accordingly, his seventh claim for relief is DENIED.

**VIII. CALCRIM Instruction No. 375**

Petitioner argues that the trial court violated his constitutional right to be convicted beyond a reasonable doubt when it gave CALCRIM No. 375, which as read to petitioner's jury, is as follows:

> The People presented evidence that [petitioner] committed other offenses that were not charged in this case.
>
> You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offenses/acts. Proof by a preponderance of the evidence is a different burden of proof than proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true.
>
> If the People have not met this burden, you must disregard this evidence entirely.
> . . . .
>
> If you conclude that [petitioner] committed the uncharged offenses, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that [petitioner] is guilty of the charged offenses. The People must still prove each element of every charge beyond a reasonable doubt.

(Ans., Ex. A, Vol. 6 at 1422; Ex. B, Vol. 16 at 1619–21.) Petitioner did not object to this instruction. The California Court of Appeal rejected this claim, finding that CALCRIM No. 375 relates to "mere 'evidentiary facts' that need not be proved beyond a reasonable doubt." (Ans., Ex. G at 27.)

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the disputed instruction by itself so infected the entire trial that the resulting conviction violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *Id.* In other words, a federal habeas court must evaluate the jury instructions in the context of the overall charge to the jury as a component of the entire

trial process. *United States v. Frady*, 456 U.S. 152, 169 (1982) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

The Due Process Clause of the Fourteenth Amendment requires the prosecution to prove every element charged in a criminal offense beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358, 364 (1970). If the jury is not properly instructed that a defendant is presumed innocent until proven guilty beyond a reasonable doubt, the defendant has been deprived of due process. *See Middleton v. McNeil*, 541 U.S. 433, 436 (2004). Any jury instruction that "reduce[s] the level of proof necessary for the Government to carry its burden . . . is plainly inconsistent with the constitutionally rooted presumption of innocence." *Cool v. United States*, 409 U.S. 100, 104 (1972).

Petitioner has not shown that the instruction infected the trial to the extent that he was denied a fair trial under due process. First, the instructions permit, but do not require, the jury to consider evidence that petitioner committed other offenses. Because the instruction was permissive, the jury was not even required to consider such evidence, must less required to make a finding of guilt based upon it. Rather, the jury was free to accept or reject such evidence, and even if it accepted such evidence as true, to give it any weight it chose.

Second, nothing in the instructions lowered the prosecution's burden of proof. The instructions themselves explicitly state that the prior act evidence "is not sufficient by itself to prove that [petitioner] is guilty of the charged offense." The jury was also separately instructed that it had to be convinced of petitioner's guilt beyond a reasonable doubt. The Court must presume that the jurors followed the instructions and applied the proper legal standard. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Accordingly, petitioner's claim is DENIED.

### IX. Cumulative Error

Petitioner claims that habeas relief should be granted on the ground that the cumulative effect of all the errors at trial was prejudicial. The state appellate court rejected this claim. (Ex. G at 28.)

Petitioner's claim lacks merit. Even if no single trial error is sufficiently prejudicial to warrant relief, the cumulative effect of several errors still may prejudice a defendant such that his conviction must be overturned. *See Alcala v. Woodford*, 334 F.3d 862, 893–95 (9th Cir. 2003). However, where no single constitutional error is shown, there can be no cumulative error. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002). Petitioner has not shown that there were any constitutional errors in the underlying proceedings.

## CONCLUSION

The state court's adjudication of this case did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

Petitioner's motion for reconsideration and clarification (Docket No. 74) is DENIED on grounds that the Court has previously and repeatedly addressed the concerns raised in this motion. The Clerk shall enter judgment in favor of respondent, terminate Docket No. 74 and close the file.

**IT IS SO ORDERED.**

DATED: January 19, 2012

RICHARD SEEBORG
United States District Judge